| | | |
|---|---|---|
| MICHELLE M. PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 06418 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| FEDERAL HOME LOAN | ) | |
| BANK OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Michelle Perkins brings this employment discrimination action *pro se* against Federal Home Loan Bank of Chicago. Perkins alleges that the Bank failed to reasonably accommodate her disability and terminated her employment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12117. R. 1, Compl.[1] The Bank moves to dismiss the complaint, arguing that Perkins's claims are time-barred, and even if they are not, the complaint fails to adequately allege a violation of the ADA. R. 22, Mot. to Dismiss. For the reasons discussed below, the Bank's motion (which is really an early summary judgment motion) is granted because Perkins filed this lawsuit too late.

---

[1]The Court has federal question jurisdiction under 28 U.S.C. § 1331. Citations to the record are noted as "R." followed by the docket number, and when necessary, the page or paragraph number.

# I. Background

In asserting the statute of limitations defense, the Bank relied on documents that were not part of the pleadings, so the Court alerted Perkins that this part of the Bank's motion was really an early summary judgment motion and invited her to submit evidence in response to it.[2] R. 25. So to determine whether Perkins filed her Complaint on time, the Court will consider the exhibits attached to the Bank's motion as well as the exhibits attached to Perkins's response brief. The Bank's motion to dismiss for failure to state a claim was properly brought under Rule 12(b)(6). For purposes of both motions, the Court accepts as true the factual allegations in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In February 2017, Perkins began working for the Bank as an IT Security Administrator. Compl. ¶ 13. Roughly two months later, in early April 2017, she was let go from her position. *Id.* Perkins alleges that the Bank failed to reasonably accommodate her disability and terminated her employment.[3] *Id.* ¶ 12.

---

[2]When parties present matters outside of the pleadings, the Court has discretion to exclude the additional materials or instead to consider the materials and convert the motion to dismiss to a motion for summary judgment (so long as discovery is not needed to litigate the motion). Fed. R. Civ. P. 12(d). *See also Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009) (holding that district court has discretion when deciding whether to convert motion to dismiss to motion for summary judgment). Here, the Bank attached several documents to its dismissal-motion brief in support of the statute of limitations argument: a copy of the Complaint, the EEOC Charge, and the EEOC Notice of Right to Sue. Perkins in turn attached several documents to her response brief in support of her argument that the statute of limitations defense should not be applied in her case. The Court will consider these additional documents in deciding the limitations defense only because there does not appear to be any factual dispute over whether the Complaint was filed within the 90-day window or whether Perkins (or her attorney) received the Notice of Right to Sue. The only dispute is whether equitable tolling (discussed below) might apply to the delayed filing, and the parties have already provided enough evidence for the Court to decide that question at this stage.

[3]There appears to be some confusion on the reasonable accommodation point. In her Complaint, which was prepared on the *pro se* form used in this District, she checked the box

Later in April 2017, Perkins filed a Charge of Discrimination form against the Bank with the United States Equal Employment Opportunity Commission (EEOC). R. 23-2, Def.'s Br., Exh. B, EEOC Charge. In the form, she alleged that she had "been discriminated against because of [her] disability, in violation of the Americans with Disabilities Act." *Id.* The bottom of the page features her digital signature: "Digitally signed by Michelle Perkins on 04-12-2017 05:58 PM." *Id.*

A few months later, on November 16, 2017, the EEOC returned a Notice of Right to Sue on Perkins's EEOC Charge. R. 23-3, Def.'s Br., Exh. C, Notice of Right to Sue. The following box was checked: "The EEOC is terminating its processing of this charge." *Id.* Near the top of the form was a "Notice to the Person Aggrieved" highlighting that Perkins would have 90 days to bring an ADA claim:

> "This is your Notice of Right to Sue, issued under…the ADA…based on the above-numbered charge. It has been issued at your request. Your lawsuit under…the ADA…**must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)"

*Id.* (emphasis in original).

Perkins had been represented by an attorney up until this point, and after the Notice of Right to Sue was received, the attorney advised her to seek Illinois state

---

for: "The defendant…failed to reasonably accommodate the plaintiff's disabilities." Compl. ¶ 12. But in the next paragraph, where she is asked to explain the facts, she wrote: "After granting my reasonable accommodation for my disability, I was discharged." *Id.* ¶ 13. After the Bank pointed out this inconsistency in their motion, Def. Br. at 7, Perkins then made clear in her response brief that her request for a reasonable accommodation was never granted. Pl. Resp. Br. The Court will assume that this was a typographical oversight on Perkins's part and interprets her Complaint to allege a *failure* to grant a reasonable accommodation.

agency review of the charge of discrimination. R. 29-1, Pl.'s Resp. Br., Exh. A. To pursue that path, on November 30, 2017, Perkins's then-attorney sent a written request to the Illinois Department of Human Rights (IDHR), seeking review of Perkins's charge of discrimination. *Id.* In the meantime, neither Perkins nor her attorney pursued the ADA claim in federal court.

Perkins did not hear back from the IDHR until nearly ten months later, on September 4, 2018. R. 29-2, Pl.'s Resp. Br., Exh. B. On that date, Perkins's attorney informed her that the IDHR investigator had told him that "Illinois courts do not have authority to force Federal Home Loan Bank of Chicago [FHLBC], a federal agency, to litigate cases in state court." *Id.* The attorney thanked Perkins for her patience and concluded to Perkins that they had "90 days to file a federal law suit from the date the IDHR investigator sent [the attorney] her report." *Id.* In response, Perkins wrote: "I must say I am little disappointed because the jurisdiction finding was not brought up sooner. The whole reason you instructed me to switch from EEOC was because it was winnable on the state level. How come you didn't know they were a Federal agency to begin with?" *Id.* Perkins then informed the attorney that she could not afford his $4,500 retainer and could thus no longer pursue the case with attorney representation. *Id.*

The Complaint was filed *pro se* on September 20, 2018.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

In contrast, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the

---

[4]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence[,]" Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. Analysis

The Bank argues that the Complaint is time-barred because it was filed more than 90 days after Perkins received the Notice of Right to Sue from the EEOC. R. 23, Def.'s Br. at 1. Under 42 U.S.C. § 2000e–5(f)(1), a plaintiff is required to file an ADA claim within 90 days of receiving the EEOC's Notice of Right to Sue letter. *See also Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999) ("Under the ADA … a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue."). Perkins received her Notice of Right to Sue letter on November 16, 2017. She did not file her Complaint until September 20, 2018.

Perkins does not dispute that she missed the 90-day window, but she explains that the reason for the delay was her former attorney's mistake. Specifically, Perkins's former attorney advised her to switch from EEOC review to IDHR review because "it [her case] was winnable on the state level." Pl.'s Resp. Br., Exh. B (Sept. 12, 2018 email, in which Perkins characterizes what the attorney told her). Unfortunately, the attorney appears to have incorrectly assumed that IDHR review of the EEOC charge would toll the 90-day time limit for filing a federal claim in federal court, and that the federal 90-day window would resume once the state agency issued a report. *Id.* ("We have 90 days to file a federal law suit from the date the IDHR investigator sent me her report."). That was wrong.[5]

On these facts, Perkins argues that the Complaint should not be deemed time-barred "because [she] was incorrectly advised by counsel, who no longer represents

---

[5]There is nothing in the statutory text or case law to suggest that the window to bring a *federal* employment discrimination claim depends at all on a *state* agency (the IDHR) reviewing the charge to determine whether there was a violation of the concomitant *state* statute (the Illinois Human Rights Act). Moreover, charges are typically cross-filed between the EEOC and the relevant state agency at the time the original charge is filed—not *after* the EEOC has already issued a Notice of Right to Sue. Indeed, Perkins's Complaint includes the statement: "It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case." Compl. ¶ 7.1. So it is unclear whether the April 12, 2017 EEOC Charge was cross-filed with the IDHR at that time, or if the attorney's November 30, 2017 email request to the IDHR was the first time the IDHR received Perkins's charge. Either way, it seems like the attorney thought the case "was winnable on the state level," meaning under the Illinois Human Rights Act. Pl.'s Resp. Br., Exh. B. But the statutory text on the limitations period is clear—the federal ADA claim must be brought within 90 days of receiving a Notice of Right to Sue from the EEOC, the federal agency responsible for enforcing the ADA. *See* 42 U.S.C. § 2000e–5(f)(1) ("[T]he Commission…shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge…by the person claiming to be aggrieved."). That requirement does not change just because an attorney believes the case *might* be more viable in a different forum under a different statute. The federal window to sue is not a backup in case the state option does not work out.

[her]." Pl.'s Resp. Br. The Court interprets this as an argument for equitable tolling. Equitable tolling "is reserved for situations in which the claimant has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). *See also Blanche v. U.S.*, 811 F.3d 953, 962 (7th Cir. 2016) (cleaned up). Unfortunately, case law is clear that mistakes of law by an attorney do not support equitable tolling. *See Lombardo v. U.S.*, 860 F.3d 547, 552 (7th Cir. 2017) ("[T]he Supreme Court, and other courts have consistently held, mistakes or miscalculations of that sort by a party's attorney do not satisfy the extraordinary circumstances element for equitable tolling."); *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 973 (7th Cir. 2011) ("A lawyer's ineptitude does not support equitable tolling."); *Arteaga v. U.S.*, 711 F.3d 828, 835 (7th Cir. 2013) ("Equitable tolling cannot be premised on the incompetence of the plaintiff's lawyer."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling. … Otherwise statutes of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have good … lawyers."); *Schmidt v. Wis. Div. of Vocational Rehab.*, 502 F. App'x 612, 614 (7th Cir. 2013) ("[M]istakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations."). So, even though Perkins has rather explicit evidence of her attorney's mistaken advice, equitable tolling is not a path forward for her. The ADA claim is time-barred. In light

of the Complaint's untimeliness, there is no need to address the Bank's additional argument on failure to state a claim.

## IV. Conclusion

The Bank's motion is granted because the Complaint was brought too late. The case is dismissed with prejudice because there is no way to fix the timing issue. The status hearing set for October 25, 2019 is vacated and final judgment for the Bank will be entered.[6]

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: October 8, 2019

---

[6]It is possible that Perkins could still file a state law claim in state court to test the IDHR investigator's statement that the state court has no jurisdiction over Federal Home Loan Bank. The Bank is a government-chartered financial institution, but it is not clear that it enjoys the immunity of a typical federal government agency. Having said that, it is possible that a state-court complaint too would be untimely at this point (though perhaps some state-law tolling principle would help Perkins). In any event, if all these avenues fail, then perhaps a malpractice lawsuit against her former attorney remains an option.